### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

TONY OATES,
  *Plaintiff*,

  v.

WARDEN COTTO and DEPARTMENT OF
CORRECTION,
  *Defendants.*

No. 3:22-cv-970 (VAB)

### INITIAL REVIEW ORDER

On August 1, 2022, Tony Oates ("Plaintiff"), a convicted *pro se* inmate formerly held at Brooklyn Correctional Institution of the Connecticut Department of Correction ("DOC"), filed this civil rights Complaint[1] under 42 U.S.C. § 1983 against DOC and Brooklyn Warden Cotta[2] in his individual and official capacities. Compl., ECF No. 1 (July 16, 2021).[3]

For the following reasons, the Court will **DISMISS** the Complaint without prejudice. Any proposed Amended Complaint must be filed by **November 25, 2022**.

## I.    FACTUAL BACKGROUND

Mr. Oates has submitted a Complaint using the standardized form, *Pro Se* 14 Complaint for Violation of Civil Rights (Prisoner). *See* Compl. In his Complaint, he identifies Warden Cotta and the Department of Correction Medical as the Defendants in this

---

[1] Mr. Oates is proceeding *in forma pauperis.* (ECF. No. 2) (August 1, 2022); Order (ECF No. 8) (August 23, 2022).

[2] The Court may "take judicial notice of relevant matters of public record." *See Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012). The Connecticut DOC website reflects that the Brooklyn Warden is Ronald Cotta. https://portal.ct.gov/DOC/Facility/Brooklyn-CI.

[3] The Connecticut DOC website shows that Mr. Oates received a six-year sentence on June 7, 2019. http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=167380.

action. He has not, however, alleged any specific factual allegations describing a violation of his constitutional rights by Warden Cotta or DOC Medical. He indicates only that the events giving rise to his claim occurred at 9:30 a.m. on January 1, 2022, at Brooklyn Correctional Institution. *Id.* at p. 4 (¶ B), 5 (¶ C). In response to form's question, "What are the facts underling your claim(s)?" Mr. Oates wrote: "Warden Cott[a] from Brooklyn C.I. For 2 months I was denied medical treatment." *Id.* at 5 (¶ D). He alleges further that he lost his ability to walk, use his hands and arms, and had to receive spinal surgery at "UCONN Medical." *Id.* at ¶ V. As relief, he seeks one million dollars for his pain and suffering and lost ability to work. *Id.* at ¶ VI.

## II.   STANDARD OF REVIEW

Under 28 U.S.C. § 1915A(b), district courts must review prisoners' civil complaints against governmental actors and *sua sponte* "dismiss . . . any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also Liner v. Goord*, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (explaining that, under the Prisoner Litigation Reform Act, *sua sponte* dismissal of frivolous prisoner complaints is mandatory); *Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2d Cir. 1999) ("Section 1915A requires that a district court screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint *sua sponte* if, *inter alia,* the complaint is 'frivolous, malicious, or fails to state a claim upon which relief may be granted.'" (quoting 28 U.S.C. § 1915A)).

Rule 8 of the Federal Rules of Civil Procedure requires that a plaintiff plead only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P.

8(a)(2), to provide the defendant "fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level" and assert a cause of action with enough heft to show entitlement to relief and "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. A claim is facially plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Federal Rules of Civil Procedure do not require "detailed factual allegations," a complaint must offer more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 555–57. Plausibility at the pleading stage is nonetheless distinct from probability, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the claim] is improbable, and . . . recovery is very remote and unlikely." *Id*. at 556 (internal quotation marks omitted).

Complaints filed by *pro se* plaintiffs, however, "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing the "special solicitude" courts afford *pro se* litigants).

## III.    DISCUSSION

The Court construes Mr. Oates's Complaint as seeking damages for deliberate indifference to his serious medical needs in violation of the Eighth Amendment.

For the following reasons, Mr. Oates has not stated a plausible Eighth Amendment violation.

As an initial matter, Mr. Oates cannot proceed under § 1983 against the Connecticut DOC or its medical department because neither a state agency like the DOC nor its medical department is a "person" subject to suit under 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Rose v. Connecticut, Dep't of Corr. Osborn Med. Dep't*, No. 3:16-CV-1389 (CSH), 2017 WL 1197673, at *3 (D. Conn. Mar. 30, 2017) ("[A]s a unit of the Department of Correction, a state agency, the Osborn Medical Department is not a "person" within the meaning of § 1983.").

Deliberate indifference to serious medical needs occurs when an official knows that an inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. *Harrison v. Barkley*, 219 F.3d 132, 137–38 (2d Cir. 2000) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). In order to state a deliberate indifference claim, the plaintiff must allege both that his medical need was serious and that the defendant acted with a sufficiently culpable state of mind. *See Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003) (citing *Estelle v. Gamble*, 429 U.S. 97, 105 (1976)). Objectively, the alleged deprivation must be "sufficiently serious." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). The condition must be "one that may produce death, degeneration, or extreme pain." *See Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996) (internal quotation marks omitted).

Subjectively, a defendant must have been actually aware of a substantial risk that the plaintiff would suffer serious harm as a result of the defendant's conduct. *See Salahuddin v. Goord*, 467 F.3d 263, 280–81 (2d Cir. 2006). Thus, a defendant's mere negligence is not cognizable on an Eighth Amendment deliberate indifference claim. *See Carpenter*, 316 F.3d at

184 (citing *Estelle*, 429 U.S. at 105–06). Although "mere medical malpractice is not tantamount

to deliberate indifference," such medical malpractice may constitute deliberate indifference when

it "involves culpable recklessness, i.e., . . . a conscious disregard of a substantial risk of serious

harm." *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998) (quoting *Hathaway*, 99 F.3d at

553) (cleaned up).

As to the objective element, Mr. Oates has not alleged the condition that required medical

attention. Without specific factual allegations about his condition, the Court cannot assess

whether he has stated a plausible serious medical condition that satisfies the objective element of

the Eighth Amendment analysis. *See Twombly*, 550 U.S. at 557 (holding that a complaint must

offer more than "naked assertion[s]" devoid of "further factual enhancement").

As to the subjective element, Mr. Oates has not alleged how Warden Cotta acted with

deliberate indifference to his medical needs. A plaintiff seeking to recover money damages under

§ 1983 from a defendant in his individual capacity must demonstrate "the defendant's personal

involvement in the alleged constitutional deprivation." *Grullon v. City of New Haven*, 720 F.3d

133, 138 (2d Cir. 2013). "[A] plaintiff must plead and prove that each Government-official

defendant, through the official's own individual actions, has violated the

Constitution." *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (internal quotation marks

omitted). Thus, Mr. Oates must allege facts showing that Warden Cotta was aware "of a

substantial risk of serious harm to [Mr. Oates] and disregarded it." *Id.* at 616. At present, Mr.

Oates's Complaint fails to satisfy this standard.

Further, Mr. Oates cannot seek money damages from Warden Cotta in his official

capacity because such claims against state employees in their official capacities are barred by the

Eleventh Amendment. *See, e.g.*, *Kentucky v. Graham*, 473 U.S. 159, 169 (1985).

Accordingly, the Court dismisses Mr. Oates' Complaint without prejudice to filing an Amended Complaint.

## ORDERS

The Court enters the following orders:

(1) Mr. Oates's complaint is **DISMISSED** without prejudice for failure to state a plausible claim for relief.

(2) Mr. Oates may file by **November 25, 2022,** an Amended Complaint. Any Amended Complaint must set forth specific facts describing his medical condition and the Defendant or Defendants' acts or omissions that resulted in the violation of his constitutional rights. If Mr. Oates fails to file an Amended Complaint by this deadline, the Court may dismiss this this case without further notice.

The Clerk of Court is instructed to send Mr. Oates a copy of the District of Connecticut's prisoner *pro se* Amended Complaint form.

**SO ORDERED** at Bridgeport, Connecticut, this 14th day of October, 2022.

/s/ Victor A. Bolden_____
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE