**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

TONY OATES,
*Plaintiff*,

v.

WARDEN COTTO, et al.
*Defendants*.

No. 3:22-cv-970 (VAB)

**INITIAL REVIEW ORDER**

On August 1, 2022, the plaintiff, Tony Oates, who was formerly held in the custody of the Connecticut Department of Correction ("DOC") Brooklyn Correctional Institution ("Brooklyn") as a sentenced inmate, filed this civil rights Complaint[1] under 42 U.S.C. § 1983[2] against DOC and Brooklyn Warden Cotta in his individual and official capacities. Compl., ECF No. 1 (July 16, 2021).[3]

On initial review, the Court dismissed Mr. Oates's Complaint without prejudice to refiling an Amended Complaint by November 25, 2022, that "set forth specific facts describing his medical condition and the defendant or defendants' acts or omissions that resulted in the violation of his constitutional rights." Initial Review Order at 6, ECF No. 15 (Oct. 14, 2022) ("IRO").

[1] Mr. Oates is proceeding *pro se* and in *forma pauperis. See* ECF. No. 2 (August 1, 2022); Order ECF No. 8 (August 23, 2022).

[2] Mr. Oates has indicated on his Amended Complaint that he is also proceeding against federal employees under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens*, however, afforded a remedy for constitutional violations by federal officials. *See id.* at 397. As no federal actors are named in this action, the Court need not consider whether Mr. Oates may proceed on a constitutional claim consistent with *Bivens*.

[3] Mr. Oates has filed a change of address notice indicating he is no longer housed in a DOC facility. *See* Notice, ECF No. 17 (Dec. 27, 2022).

On November 7, 2022, Mr. Oates filed an Amended Complaint against Nurse James and the Medical Department of Corrections. *See* Am. Compl., ECF No. 16 (Nov. 7, 2022) ("Am. Compl.").

After initial review, the Court will permit Mr. Oates to proceed on his Eighth Amendment individual capacity claim for damages against Nurse James for deliberate indifference to his medical needs.

## I. FACTUAL BACKGROUND[4]

On initial review, the Court considers the facts alleged in the Amended Complaint to be true, and may refer to the exhibits attached to the Amended Complaint for purposes of clarifying Mr. Oates's claims.[5]

In January 2022, Mr. Oates allegedly went the Brooklyn prison gym for recreation. *See* Am. Compl. at 5. The next morning, he allegedly tried to get out of bed but could not stand. *Id*. His cousin allegedly asked a correctional officer to send Mr. Oates to the medical unit. *See id.* Allegedly, this request was denied. *Id.*

After several more complaints, Mr. Oates was allegedly sent to "sick call" and seen by Nurse James on January 25, 2022. *Id*. at 5, 8. The doctor allegedly ordered Nurse James to provide Mr. Oates with three pain medication shots. *Id.* at 8. Nurse James allegedly provided Mr. Oates with two medication shots on January 25 and 26, 2022. *Id.* After Correction Officer Scott allegedly called Nurse James on January 27, 2022, Nurse James

[4] All factual allegations are drawn from the Amended Complaint.

[5] Ordinarily, a plaintiff may not rely on exhibits in lieu of alleging facts in the complaint to state a claim against a defendant. *See Rahim v. Barsto*, No. 3:22CV619 (MPS), 2022 WL 2704102, at *5 (D. Conn. July 12, 2022) (citing Fed. R. Civ. P. 8 and noting that plaintiff could not rely on exhibits to state deliberate indifference claim); *see also Walker v. Pastoressa*, No. 22CV00997HG, 2022 WL 3716742, at *5 (E.D.N.Y. Aug. 29, 2022) (noting plaintiff may not rely on exhibits to satisfy Rule 8's requirement to provide a short and plain statement).

allegedly indicated that he would call Mr. Oates for his third shot. *Id.* Nurse James allegedly never called Mr. Oates about his third shot.[6] *Id.*

Nurse James also allegedly indicated that Mr. Oates would be seen by a doctor on February 1, 2022. *Id*. However, when Correction Officer Scott allegedly called about Mr. Oates being seen on February 1, 2022, he was allegedly informed that the doctor was not there. *Id.* Mr. Oates allegedly spoke to Counselor Ferreira about his being informed by Nurse James that he would be seen by a doctor on February 1, 2022. *Id.* She allegedly sent an e-mail to Nurse James about Mr. Oates being seen by a doctor and noted that he been waiting to be seen for at least three weeks. *Id.*

The Brooklyn warden, Counselor Ferreira, Nurse James, and Lieutenant Breen were allegedly all aware of Mr. Oates's medical conditions because he has allegedly shown them his injuries and explained to them that his symptoms are related to his having had a stroke. *Id.* Nurse James has allegedly agreed that Mr. Oates's symptoms are related to his stroke. *Id.*

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 1915A(b), district courts must review prisoners' civil complaints against governmental actors and *sua sponte* "dismiss . . . any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted;" or that "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also Liner v. Goord*, 196 F.3d 132, 134 (2d Cir. 1999) (explaining that, under the Prisoner Litigation Reform Act, *sua sponte* dismissal of frivolous prisoner complaints is mandatory); *Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2d Cir. 1999) ("Section 1915A requires that a district court screen a civil complaint brought by a prisoner against a governmental entity or its agents

[6] Mr. Oates also alleges that Nurse James "refused" to provide him with the third shot. *See* Am. Compl. at 5.

and dismiss the complaint *sua sponte* if, *inter alia,* the complaint is 'frivolous, malicious, or fails to state a claim upon which relief may be granted.'" (quoting 28 U.S.C. § 1915A)).

Rule 8 of the Federal Rules of Civil Procedure requires that a plaintiff plead only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), to provide the defendant "fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks and citation omitted).

A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level" and assert a cause of action with enough heft to show entitlement to relief and "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. A claim is facially plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Federal Rules of Civil Procedure do not require "detailed factual allegations," a complaint must offer more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 555–57. Plausibility at the pleading stage is nonetheless distinct from probability, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the claim] is improbable, and . . . recovery is very remote and unlikely." *Id*. at 556 (internal quotation marks omitted).

Complaints filed by *pro se* plaintiffs, however, "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F. 3d 471, 474 (2d

Cir. 2006)) (internal quotation marks omitted); *see also Tracy v. Freshwater*, 623 F. 3d 90, 101-02 (2d Cir. 2010) (discussing the "special solicitude" courts afford *pro se* litigants).

## III. DISCUSSION

The Court construes Mr. Oates's Amended Complaint as seeking damages for violation of his Eighth Amendment rights under 42 U.S.C. § 1983 against both Nurse James and the DOC Medical Department. *See* Am. Compl. at 1, 4, 8.

Section 1983 "provides a private right of action against any person who, acting under color of state law, causes another person to be subjected to the deprivation of rights under the Constitution or federal law." *Blyden v. Mancusi*, 186 F.3d 252, 264 (2d Cir. 1999). "The common elements to all § 1983 claims are: '(1) the conduct complained of must have been committed by a person acting under color of state law; and (2) the conduct complained of must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.'" *Lee v. City of Troy*, 520 F. Supp. 3d 191, 205 (N.D.N.Y. 2021) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)).

Mr. Oates cannot proceed under section 1983 against the DOC Medical Department because a state agency like the DOC and its medical department is not a person subject to suit under 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Rose v. Connecticut, Dep't of Corr. Osborn Med. Dep't*, No. 3:16-CV-1389 (CSH), 2017 WL 1197673, at *3 (D. Conn. Mar. 30, 2017) (explaining that "as a unit of the Department of Correction, a state agency, the Osborn Medical Department is not a "person" within the meaning of § 1983[]").

Thus, the Court's initial review will consider whether the Amended Complaint states any Eighth Amendment deliberate indifference claims for damages against Nurse James.[7] A plaintiff seeking to recover money damages under section 1983 from a defendant in his individual capacity must demonstrate "the defendant's personal involvement in the alleged constitutional deprivation." *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013). Mr. Oates therefore is required to "plead and prove that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (quotation marks omitted).

**A. The Eighth Amendment Claim**

In *Estelle v. Gamble*, the United States Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." 429 U.S. 97, 104 (1976).

Deliberate indifference to serious medical needs occurs "when an official knows that an inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *See Harrison v. Barkley*, 219 F.3d 132, 137–38 (2d Cir. 1998) (quotations marks omitted). In order to state a deliberate indifference claim, the plaintiff must allege both that his medical need was serious and that the defendants "acted with a sufficiently culpable state of mind." *See Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003) (citing *Estelle*, 492 U.S. at 105). Objectively, the alleged deprivation must be "sufficiently serious." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). The condition must be "one that may produce death, degeneration, or extreme pain." *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996) (internal

---

[7] An official capacity claim for money damages against Nurse James, who is a state employee, is barred by the Eleventh Amendment. *See, e.g., Kentucky v. Graham*, 473 U.S. 159, 169 (1985).

quotation marks omitted). To determine whether a condition is "serious," courts consider whether "a reasonable doctor or patient would find [it] important and worthy of comment," whether the condition "significantly affects an individual's daily activities," and whether it causes "chronic and substantial pain." *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (internal quotation marks and citations omitted).

Subjectively, a defendant must have been actually aware of a substantial risk that the plaintiff would suffer serious harm as a result of their conduct. *See Salahuddin v. Goord*, 467 F.3d 263, 280–81 (2d Cir. 2006). Thus, a defendant's mere negligence is not cognizable on an Eighth Amendment deliberate indifference claim. *See Carpenter*, 316 F.3d at 184 (citing *Estelle*, 492 U.S. at 105–06). Although "mere medical malpractice is not tantamount to deliberate indifference," such medical malpractice may constitute deliberate indifference when it "involves culpable recklessness, *i.e.*, . . . a conscious disregard of a substantial risk of serious harm." *Armstrong*, 143 F.3d at 703 (quoting *Hathaway*, 99 F.3d at 553) (cleaned up).

The allegations of the Amended Complaint are sparse. Relevant to the objective element, however, Mr. Oates indicates that he sustained injuries after suffering from a stroke and that a doctor assessed that he needed three shots of pain medication. *See* Am. Compl. at 8. For purposes of initial review, the Court considers Mr. Oates to have plausibly alleged he suffered a serious medical condition requiring medical attention and pain medication.

1. Pain Medication Shot

Relevant to the subjective element, Mr. Oates has alleged facts reflecting that Nurse James failed to comply with the doctor's order for Mr. Oates to receive three pain medication shots. For initial pleading purposes, the Amended Complaint's factual allegations raise at least an inference that Nurse James consciously ignored Mr. Oates's serious need for pain medication.

The Court notes that a more developed record may show that Nurse James's conduct constituted negligence or medical malpractice, which is not sufficient to support a claim of deliberate indifference. *See Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003) (noting deliberate indifference standard requires a mental state "more blameworthy than negligence[.]"). At this early stage in the proceeding, however, the Court will permit Mr. Oates's Eighth Amendment claim based on deliberate indifference to his need for his third pain medication shot to proceed against Nurse James for damages.

2. Doctor Appointment

Mr. Oates complains that he was not able to see the doctor on February 1, 2022, as indicated by Nurse James. Am. Compl. at 8. Mr. Oates has not, however, alleged sufficient facts suggesting that Nurse James acted with deliberate indifference to Mr. Oates's serious medical need to see a doctor at that time.

No facts suggest that Nurse James consciously scheduled Mr. Oates for a medical appointment on a day when the doctor would not be available; nor is there any indication that Nurse James acted intentionally to prevent or delay Mr. Oates from seeing a doctor. Even if Nurse James improperly scheduled Mr. Oates for an appointment on a date that he should have known the doctor was not available, such conduct would amount to negligence, which is not sufficient to support an Eighth Amendment claim. *See Warwick v. Doe*, No. 3:20-CV-227 (JAM), 2020 WL 2768804, at *6 (D. Conn. May 27, 2020) (noting that DOC employee's alleged failure to discharge her duties properly to coordinate his off-site dental care would amount to negligence and could not support deliberate indifference claim).

Accordingly, as Mr. Oates has not alleged facts raising an inference that Nurse James acted with conscious disregard to his need for a doctor appointment, the Court will dismiss this Eighth Amendment claim against Nurse James as not plausible. *See* 28 U.S.C. § 1915A(b).

**ORDERS**

The Court enters the following orders:

(1) The case shall proceed on Mr. Oates's Eighth Amendment individual capacity claim for damages against Nurse James for deliberate indifference to his need for a third shot of pain medication. All other claims are **DISMISSED** without prejudice. The DOC Medical Department is **DISMISSED** from this action with prejudice.

(2) The Clerk of Court shall verify the current work addresses for Nurse James, with the DOC Office of Legal Affairs, mail a waiver of service of process request packet containing the complaint and attachments to Nurse James at the confirmed address by **February 3, 2023**, and report on the status of the waiver request by **February 17, 2023**. If Defendant Nurse James fails to return the waiver request, the Clerk of Court shall make arrangements for in-person individual capacity service by the U.S. Marshals Service on Nurse James, and Defendant Nurse James shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3) The Clerk of Court shall send a courtesy copy of the Amended Complaint and this Order to the DOC Office of Legal Affairs and the Office of the Attorney General.

(4) Defendant Nurse James shall file a response to the complaint, either an Answer or motion to dismiss, by **April 21, 2023**. If Defendant Nurse James chooses to file an Answer, Defendant Nurse James shall admit or deny the allegations and respond to the cognizable claims

recited above. Defendant may also include any and all additional defenses permitted by the Federal Rules.

(5) Discovery, consistent with Federal Rules of Civil Procedure 26-37, shall be completed by **October 20, 2023**. Discovery requests need not be filed with the court.

(6) The parties must comply with the District of Connecticut "Standing Order Re: Initial Discovery Disclosures," which will be sent to both parties by the Court. The Order can also be found at http://ctd.uscourts.gov/administrative-standing-orders.

(7) All motions for summary judgment shall be filed by **December 1, 2023**.

(8) According to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within **twenty-one (21) days** of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(9) If Mr. Oates changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that he MUST notify the court. Failure to do so can result in the dismissal of the case. Mr. Oates must give notice of a new address even if he is incarcerated. He should write "PLEASE NOTE MY NEW ADDRESS" on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If Mr. Oates has more than one pending case, he should indicate all of the case numbers in the notification of change of address. He should also notify Defendant or defense counsel of his new address.

(10) Mr. Oates shall utilize the Prisoner E-filing Program when filing documents with the court. Mr. Oates is advised that the Program may be used only to file documents with the court. Local court rules provide that discovery requests are not filed with the court. D. Conn. L. Civ. R. 5(f). Therefore, discovery requests must be served on defendants' counsel by regular mail.

**SO ORDERED** at Bridgeport, Connecticut, this 13th day of January, 2023.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE