UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

TONY OATES,
    *Plaintiff*,

   v.

WARDEN COTTO, et al.,
    *Defendants.*

No. 3:22-CV-970 (VAB)

**RULING AND ORDER ON MOTION FOR SUMMARY JUDGMENT**

On August 1, 2022, Tony Oates ("Plaintiff"), who was formerly held within the custody of the Connecticut Department of Correction ("DOC") Brooklyn Correctional Institution ("Brooklyn CI") as a sentenced inmate, commenced this civil rights Complaint[1] under 42 U.S.C. § 1983 against DOC and Brooklyn Warden Cotta in his individual and official capacities. Compl., ECF No. 1 (Aug. 1, 2022).

On initial review, the Court dismissed Mr. Oates's Complaint without prejudice to refiling an Amended Complaint. Initial Review Order, ECF No. 15 (Oct. 14, 2022) ("IRO").

On November 7, 2022, Mr. Oates filed his Amended Complaint against Nurse James Peek ("Nurse Peek") and the Medical Department of Corrections. Am. Compl., ECF No. 16 (Nov. 7, 2022). After initial review, the Court permitted Mr. Oates to proceed for damages against Nurse Peek for his medical deliberate indifference in violation of the Eighth Amendment. Initial Review Order on Am. Compl., ECF No. 19 (Jan. 13, 2023) ("IRO Am. Compl.").

---

[1] Mr. Oates is proceeding *pro se* and *in forma pauperis.* Mot. for Leave to Proceed in forma pauperis, ECF. No. 8 (Aug. 1, 2022); Order granting Mot. for Leave to Proceed in forma pauperis, ECF No. 10 (Aug. 23, 2022).

On December 21, 2023, Nurse Peek filed a motion for summary judgment, arguing that (1) Mr. Oates cannot show an Eighth Amendment violation; (2) Defendant is entitled to qualified immunity; and (3) Mr. Oates failed to comply with the Prison Litigation Reform Act ("PLRA") exhaustion requirement before filing this action. Mot. for Summ. J., ECF No. 29 (Dec. 21, 2023). On March 7, 2024, Mr. Oates filed a document entitled "Summ[a]ry Judgement." Pl.'s Response/Mot. for Summ. J., ECF No. 41 (Mar. 7, 2024). The Court construes this filing as both a cross-motion for summary judgment and his response to the motion for summary judgment.

The motion for summary judgment is now fully briefed.

For the following reasons, Nurse Peek's motion for summary judgment is **GRANTED**.

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

    A.     **Factual Background**[2]

The following factual background reflects the Court's review of the Amended Complaint,[3] Nurse Peek's Local Rule 56(a) statements of fact, and all supporting materials.[4] *See* Am. Compl., ECF No. 16 (Nov. 7, 2022); Defs.' Rule 56(a), ECF No. 29-2 (Dec. 21, 2023).

---

[2] Generally, the Court cites only the relevant paragraph in the Local Rule 56(a)1 Statement where a fact is not disputed. The page numbers cited in this ruling regarding any documents that have been electronically filed refer to the page numbers imprinted by the electronic case filing system on the header of the documents and not to the page numbers of the original documents, if any.

[3] *See Jordan v. LaFrance*, No. 3:18-CV-01541 (MPS), 2019 WL 5064692, at *1 n.1, *4 (D. Conn. Oct. 9, 2019) (a "verified complaint . . . may be considered as an affidavit" for summary judgment purposes); *Walcott v. Connaughton*, No. 3:17-CV-1150, 2018 WL 6624195, at *1, n.1 (D. Conn. Dec. 18, 2018).

[4] Mr. Oates has not filed a Local Rule 56(a)2 statement in compliance with this District's local rules of civil procedure. Defendant Peek provided Mr. Oates with a notice in compliance with Local Rule of Civil Procedure 56(b) that informed him of the requirements for filing his papers in opposition to the motion for summary judgment under Local Rule 56. Notice to *Pro Se* Litigant, ECF No. 29-3 (Dec. 21, 2023). Local Rule 56(a)1 provides: "Each material fact set forth in the Local Rule 56(a)1 Statement and supported by the evidence will be deemed admitted (solely for purposes of the motion) unless such fact is controverted by the Local Rule 56(a)2 Statement required to be filed and served by the opposing party in accordance with this Local Rule, or the Court sustains an objection to the fact." Local Rule 56(a)3 provides that "each denial in an opponent's Local Rule 56(a)2 Statement[] must be followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial, or (2) other evidence

Mr. Oates was admitted to the custody of DOC and housed at Brooklyn CI when he filed this Amended Complaint on November 7, 2022. Def.'s Rule 56(a) ¶ 1. At the time relevant to this action, Nurse Peek worked as a nurse at the medical unit of Brooklyn CI.

### 1. Factual Allegations of the Amended Complaint

In January 2022, Mr. Oates allegedly went to the Brooklyn prison gym for recreation. *See* Am. Compl. at 5. The next morning, he allegedly tried to get out of bed but could not stand. *Id.* His cousin allegedly asked a correctional officer to send Mr. Oates to the medical unit. *See id.* Allegedly, this request was denied. *Id.*

Mr. Oates was allegedly sent to "sick call" and seen by Nurse Peek on January 25, 2022. *Id.* at 5, 8. The doctor allegedly ordered Nurse Peek to provide Mr. Oates with three pain medication shots. *Id.* at 8. Nurse Peek allegedly provided Mr. Oates with two medication shots on January 25 and 26, 2022. *Id.* After Correction Officer Scott allegedly called Nurse Peek on January 27, 2022, Nurse Peek allegedly indicated that he would call Mr. Oates for his third shot. *Id.* Nurse Peek allegedly never called Mr. Oates about his third shot. *Id.*

On initial review, this Court determined that Mr. Oates had alleged a plausible claim that Defendant Peek had acted in violation of the Eighth Amendment when he "failed to comply with the doctor's order for Mr. Oates to receive three pain medication shots, consciously ignoring Mr. Oates serious need for pain medication." IRO Am. Compl. at 7–8.

### 2. Undisputed Facts

Defendant has submitted evidence to substantiate the following undisputed facts.

---

that would be admissible at trial." As Mr. Oates failed to comply with Local Rule 56(a), the Court considers Defendant Peek's statements of fact to be true where supported by the evidence.

Nurse Peek commenced his employment with DOC in November 2017. Def.'s Ex. C, Peek Decl. at ¶ 3, ECF No. 29-6 (Dec. 21, 2023) ("Peek Decl."). As a nurse, Nurse Peek does not issue orders for patient care, or have authority to overrule medical decisions or authority of doctors, Advance Practitioner Registered Nurses, or medical administrators. *Id.* at ¶¶ 5, 15.

On January 25, 2022, Mr. Oates arrived in the medical unit for a "sick-call." Def.'s Rule 56(a) at ¶ 32. Mr. Oates reported symptoms of intermittent right bilateral arm pain, numbness in his hands, and a pinched L5-L6, all symptoms that do not give rise to emergency or even urgent medical care given his known medical history. *Id.* at ¶¶ 33, 35.

Nurse Peek conducted a physical exam of Mr. Oates, which indicated normal vitals. *Id.* at ¶ 36. Mr. Oates expressed that he was having intermittent bilateral arm pain and hand numbness. *Id.* He did not request any narcotics. *Id.* Nurse Peek contacted the on-call physician to discuss Mr. Oates pain, to determine if a higher level of care was warranted than his already prescribed meloxicam and capzasim. *Id.* at ¶ 37. The on-call physician ordered Ketolorac 60MG/ 2ML injections as needed, in addition to the previously prescribed pain medications of meloxicam and capzasin. *Id.* at ¶ 38; Peek Decl. at ¶ 13.

After he received one pain medication injection from Nurse Peek, Mr. Oates returned to his cell block. Def.'s Rule 56(a) at ¶ 39. Nurse Peek claims that Mr. Oates was released back to his housing unit after he showed improvement with the ability to receive additional pain injections as needed, and that he did not have any reason to believe that Mr. Oates required any additional care. Peek Decl. at ¶ 14.

Plaintiff did not receive a second pain injection on January 26, 2022. Def.'s Rule 56(a) at ¶ 40.

On January 27 and February 3, 2022, Nurse Peek evaluated Mr. Oates in his cellblock for COVID tracing. *Id.* at ¶ 43. On neither occasion did Mr. Oates express any complaint of pain related to his shoulder or COVID-19. *Id.*

On February 3, 2022, Nurse Peek also examined Mr. Oates in preparation for his transfer to Corrigan CI. *Id.* at ¶ 44. At that time, Mr. Oates did not report any pain or request additional pain injections. *Id.* at ¶ 45; Peek Decl. at ¶ 17.

Nurse Peek claims that after he signed off on a Transfer Summary, Mr. Oates was then transferred from Brooklyn to Corrigan. *Id.* at ¶ 18.

Nurse Peek had no further involvement in Mr. Oates's medical care after February 3, 2022, and was not aware of whether Mr. Oates showed any additional symptoms or had other serious medical need. Def.'s Rule 56(a) ¶¶ 45, 48.

**B.     Procedural Background**

On August 1, 2022, Mr. Oates filed his Complaint and a Motion for Leave to Proceed *in Forma Pauperis*. Compl., ECF No. 1; Mot. for Leave to Proceed *In Forma Pauperis*, ECF No. 2.

On August 3, 2022, the Court advised Mr. Oates that he had filed his Motion for Leave to Proceed *in Forma Pauperis* on the wrong form and directed him to correct this error. Notice, ECF No. 7.

After Mr. Oates complied with the Court's direction, the Court permitted Mr. Oates to proceed *in forma pauperis*. Mot. for Leave to Proceed *In Forma Pauperis*, ECF No. 8 (Aug. 19, 2022), Order, ECF No. 10 (Aug. 23, 2022).

On October 14, 2022, the Court dismissed Mr. Oates's Complaint after initial review under 28 U.S.C. § 1915A. IRO.

On November 14, 2022, Mr. Oates filed an Amended Complaint in this action. Am. Compl., ECF No. 16.

On January 13, 2023, the Court issued its initial review order permitting Mr. Oates to proceed on his Eighth Amendment individual capacity claims against Nurse Peek for deliberate indifference to his need for a third shot of pain medication. IRO Am. Compl.

On January 13, 2023, the Court denied Mr. Oates's Motion to Appoint Counsel. Order, ECF No. 20.

On March 2, 2023, Nurse Peek filed an Answer to the Amended Complaint. Answer, ECF No. 23.

On December 21, 2023, Nurse Peek filed the motion for Summary Judgment. Mot. for Summ. J., ECF No. 29. Mr. Oates's response to the motion for Summary Judgment was due on or before January 11, 2024. *See id.*

On January 10, 2024, the Court advised Mr. Oates that his mail had been returned as undeliverable at his address listed on the court docket and directed him to update the Court with his new address on or before February 9, 2024. Order, ECF No. 35. On that same day, Mr. Oates also filed his notice of change of address. Notice, ECF No. 36.

On February 16, 2024, the Court advised Mr. Oates that Defendant Peek's Motion for Summary Judgment could be granted and his claims dismissed if he failed to file a timely response and if the motion showed that the defendants are entitled to judgment as a matter of law. Order, ECF No. 40. The Court *sua sponte* afforded Mr. Oates's until on or before March 29, 2024, to file his response to the motion for summary judgment. *Id.*

On March 7, 2023, Mr. Oates filed a document entitled "Summ[a]ry Judgement." Pl.'s Response/Mot. for Summ. J., ECF No. 41.

I.    **STANDARD OF REVIEW**

A court will grant a motion for summary judgment if the record shows no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of establishing the absence of a genuine dispute of material fact. *Celotex Corp. v. Cartrett*, 477 U. S. 317, 323 (1986). The non-moving party may defeat the motion by producing sufficient evidence to establish that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 249 (1986). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Id.* at 247–48 (emphasis in the original).

"[T]he substantive law will identify which facts are material." *Id.* at 248. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.*; *see Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) ("[M]ateriality runs to whether the dispute matters, *i.e.*, whether it concerns facts that can affect the outcome under the applicable substantive law." (citing *Anderson*, 477 U. S. at 248)).

"The inquiry performed is the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U. S. at 250. When a motion for summary judgment is supported by documentary evidence and sworn affidavits and "demonstrates the absence of a genuine issue of material fact," the non-moving party must do more than vaguely assert the existence of some unspecified disputed material facts or "rely on conclusory allegations or unsubstantiated

speculation." *Robinson v. Concentra Health Servs., Inc.*, 781 F.3d 42, 44 (2d Cir. 2015) (citation omitted).

The party opposing the motion for summary judgment "must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Id.* "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U. S. at 250 (first citing *Dombrowski v. Eastland*, 387 U.S. 82, 87 (1967); and then citing *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 290 (1968)).

When deciding a motion for summary judgment, a court may review the entire record, including the pleadings, depositions, answers to interrogatories, admissions, affidavits, and any other evidence on file to determine whether there is any genuine issue of material fact. *See* Fed. R. Civ. P. 56(c); *Pelletier v. Armstrong*, No. 3:99-CV-1559 (HBF), 2007 WL 685181, at *7 (D. Conn. Mar. 2, 2007). In reviewing the record, a court must "construe the evidence in the light most favorable to the non-moving party and to draw all reasonable inferences in [his] favor." *Gary Friedrich Enters., L. L. C. v. Marvel Characters, Inc.*, 716 F.3d 302, 312 (2d Cir. 2013) (citation omitted). If there is any evidence in the record from which a reasonable factual inference could be drawn in favor of the non-moving party for the issue on which summary judgment is sought, then summary judgment is improper. *See Sec. Ins. Co. of Hartford v. Old Dominion Freight Line Inc.*, 391 F. 3d 77, 83 (2d Cir. 2004).

### III. DISCUSSION

The Court first construes Mr. Oates's filing on March 7, 2023, as a motion for summary judgment and, therefore, considers whether he may be entitled to entry of summary judgment in his favor.

### A. Plaintiff's Cross Motion for Summary Judgment

Plaintiff's Motion for Summary Judgment includes no memorandum of law in compliance with Local Rule 7(a)1. Nor does he submit either a statement of facts under Local Rule 56(a)1 to support a motion for summary judgment (or even a responsive statement under Local Rule 56(a)(2) in opposition to Defendant's motion). He proffers no substantive arguments in support of entry of summary judgment in his favor. Instead, he specifies his damages requests and submits 136-pages of medical records, primarily consisting of his physical therapy notes. *See* Pl.'s Response/Mot. for Summ. J. at 1–140.

Even *pro se* litigants must comply with procedural rules, although the Court may more readily excuse non-compliance by *pro se* litigants. *Wu v. Nat'l Geospatial Intel. Agency*, No. 3:14-CV-01603 (DJS), 2017 WL 923906, at *2 (D. Conn. Mar. 8, 2017) ("The Court is well aware that 'the submissions of a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest.' However, 'pro se parties are not excused from abiding by the Federal Rules of Civil Procedure.'") (citations omitted); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993) ("we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel"). However, "a movant's failure to comply with a district court's relevant local rules on a motion for summary judgment permits, but does not require, a court to dispose of that motion." *Tross v. Ritz Carlton Hotel Co., LLC*, 928 F. Supp. 2d 498, 503 (D. Conn. 2013). "In deciding whether to deny a motion for summary judgment based on failure to comply with the [L]ocal [R]ules, courts in this Circuit consider whether the court can fairly determine the undisputed facts of the case without a Rule 56(a)1 statement." *Capsalors v. Prudential Ins. Co.*, No. 3:20-CV-00699 (SVN), 2022 WL 959747, at *7 (D. Conn. Mar. 30, 2022).

"On a motion for summary judgment, the moving party has the burden of showing the absence of a genuine issue of material fact," *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998), and Mr. Oates's failure to file a Rule 56(a)(1) statement and a memorandum to support his claim for entry of summary judgment in his favor has prevented him from carrying his burden. Absent a Local Rule 56(a)1 statement—and based on this present record—this Court cannot determine whether he is entitled to entry of summary judgment on his Eighth Amendment claim against Nurse Peek.

Accordingly, Mr. Oates's cross motion for summary judgment must be denied.

**B.      Defendant Peek's Motion for Summary Judgment**

The Eighth Amendment imposes a duty upon prison officials to ensure that inmates receive adequate medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "In order to establish an Eighth Amendment claim arising out of inadequate medical care, a prisoner must prove 'deliberate indifference to [his] serious medical needs.'" *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). This standard incorporates both objective and subjective elements.

Objectively, "the alleged deprivation of adequate medical care must be sufficiently serious." *Id.* (internal quotation marks omitted). A condition is considered serious if "a reasonable doctor or patient would find [it] important and worthy of comment," the condition "significantly affects an individual's daily activities," or if it causes "chronic and substantial pain." *Chance*, 143 F.3d at 702 (internal quotation marks omitted). And in instances such as this case where "a prisoner receives some care, but allegedly inadequate care," *Hardy v. City of New York*, 732 F. Supp. 2d 112, 128 (E.D.N.Y. 2010), the court's consideration of the seriousness of the plaintiff's condition must "'examine how the offending conduct is inadequate and what harm,

10

if any, the inadequacy has caused or will likely cause the prisoner,'" *Sanders v. Laplante*, No. 3:19-CV-01151 (CSH), 2019 WL 5538118, at *3 (D. Conn. Oct. 25, 2019) (quoting *Salahuddin v. Goord*, 467 F.3d 263, 279 (2d Cir. 2006)).

Subjectively, the defendant must have had actual awareness of a substantial risk that the inmate would suffer serious harm as a result of her conduct. *See Salahuddin,* 467 F.3d at 279–80. Put differently, the prisoner must show that the defendant knew of and disregarded "'an excessive risk to inmate health or safety; the official must [have] both be[en] aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and . . . must also [have] draw[n] the inference.'" *Johnson v. Wright*, 412 F.3d 398, 403 (2d Cir. 2005) (quoting *Farmer*, 511 U.S. at 837); *see also Phelps v. Kapnolas*, 308 F.3d 180, 186 (2d Cir. 2002) (*per curiam*) (equating "deliberate indifference" with criminal "recklessness"). Merely negligent conduct does not constitute deliberate indifference, *Salahuddin*, 467 F.3d at 280, nor does a disagreement over proper treatment or diagnosis create a constitutional claim so long as the treatment was adequate. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Chance*, 143 F.3d at 703; *see also Hathaway v. Coughlin*, 37 F.3d 63, 70 (2d Cir. 1994) ("We do not sit as a medical board of review. Where the dispute concerns not the absence of help but the choice of a certain course of treatment, or evidences mere disagreement with considered medical judgment, we will not second guess the doctors.").

In his motion for summary judgment, Defendant Peek argues that Mr. Oates cannot prevail, as a matter of law, on the merits of his Eighth Amendment claim.

The Court agrees.

Even assuming Mr. Oates had a sufficiently serious medical need to satisfy the objective component of the Eighth Amendment analysis, the undisputed facts show that Nurse Peek did

not act with deliberate indifference. No evidence suggests that Nurse Peek acted with a conscious disregard to a situation where Mr. Oates's pain level indicated he required three shots of pain medication. Here, the record raises no inference that the treatment Nurse Peek provided was inadequate or that Mr. Oates required more pain injections. *See* Def.'s Rule 56(a) ¶¶ 42–43.

To the extent Mr. Oates claims that he should have been afforded more medication or different treatment, without more in this record, this claim only reflects his disagreement with medical provider decisions at the time and does not create a genuine issue of fact in support of his Eighth Amendment claim. *See Grays v. McGrain*, 333 F. Supp. 3d 225, 234 (W.D.N.Y. 2018) (citing cases finding disagreement with treatment insufficient to establish basis of Eighth Amendment violation); *Shoults v. Kooi*, No. 9:14-CV-1184 (GLS) (DJS,) 2017 WL 2623936, at *7 (N.D.N.Y. May 25, 2017), *report and recommendation adopted*, No. 9:14-CV-1184 (GLS) (DJS), 2017 WL 2623896 (N.D.N.Y. June 16, 2017) ("Plaintiff's belief that Defendants should have provided a cane, alternate housing, or done something different is nothing more than a dispute over the appropriate course of treatment, which does not state an Eighth Amendment claim."). Even if Nurse Peek acted negligently by failing to recognize that Mr. Oates required additional pain medication, negligent conduct is not sufficient to support an Eighth Amendment claim. *Salahuddin*, 467 F.3d at 280 ("the official's actions [must be] more than merely negligent").

Absent evidence suggesting Nurse Peek acted with a conscious disregard of Mr. Oates's pain level requiring additional pain medication injections, no reasonable juror could determine—based on the present record—that Nurse Peek acted with deliberate indifference to Mr. Oates's need for additional injections of pain medication. *See, e.g.*, *Salahuddin*, 467 F.3d at 281 ("The defendant's belief that his conduct poses no risk of serious harm (or an insubstantial risk of

serious harm) need not be sound so long as it is sincere. Thus, even if objectively unreasonable, a defendant's mental state may be nonculpable."); *Farmer*, 511 U.S. at 835 ("an Eighth Amendment claimant must show more than 'indifference,' deliberate or otherwise"); *Robbs v. McCrystal*, No. 3:20-CV-01584 (MEG), 2023 WL 2526533, at *10 (D. Conn. Mar. 15, 2023), *aff'd*, No. 23-6454, 2024 WL 1298507 (2d Cir. Mar. 27, 2024) ("[T]he 'charged officials must be subjectively reckless in their denial of medical care.' They must have been 'actually aware of a substantial risk that serious inmate harm will result' due to their actions or inactions.") (citations omitted).

Accordingly, the Court will grant the motion for summary judgment in Nurse Peek's favor on Mr. Oates's claim that he acted with deliberate indifference to his need for additional injections of pain medication.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Nurse Peek's motion for summary judgment.

The Clerk of Court is respectfully directed to enter judgment in Defendant's favor and to close this case.

**SO ORDERED** at New Haven, Connecticut, this 24th day of May, 2024.

                                      /s/ Victor A. Bolden
                                      VICTOR A. BOLDEN
                                      UNITED STATES DISTRICT JUDGE